**JOHN J. BORSOS (#384)**
Attorney for Plaintiff
P.O. Box 112347
Salt Lake City, Utah 84147-2347
(801) 533-8883  Fax: (801) 533-8887

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT M. LEMMON, <br><br> Plaintiff, <br> vs. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of the Social Security Administration, <br><br> Defendant. | Civil Action No. 2:14-CV-00554 <br><br> **MEMORANDUM DECISION AND ORDER REMANDING THE DECISION OF THE COMMISSIONER** <br><br> **Magistrate Judge Paul M. Warner** |

Plaintiff, Robert Lemmon, seeks judicial review[1] of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits.[2] After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on May 19, 2016, the Court concludes that the Administrative Law Judge's decision[3] is not supported by substantial evidence nor free from harmful legal error and is, therefore, REVERSED and REMANDED to the Social Security Administration for further action.

---

[1] Pursuant to 42 U.S.C. § 405(g).

[2] Sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act (the Act).

[3] Because the Appeals Council denied review (Tr. 1-4), the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). *See* 20 C.F.R. §§ 404.981, 422.210(a).

## BACKGROUND[4]

Plaintiff protectively applied for DIB and SSI in March 2007,[5] claiming that he became disabled on November 10, 2006. After the agency denied Plaintiff's applications at the initial and reconsideration levels, an administrative law judge (ALJ) held a hearing in February 2009 and, in March 2009, issued a decision finding that Plaintiff was not disabled under the Act.[6] The agency's Appeals Council granted review of the ALJ's decision and remanded in July 2009 for further proceedings.[7]

On remand, the ALJ held a hearing in March 2010[8], received a new consultative physical examination,[9] and in October 2010, issued a second decision finding that Plaintiff had failed to establish disability under the Act.[10] The Appeals Council denied review of this second decision in July 2014. This appeal followed.

Plaintiff was 39 years old in November 2006, when he claimed he became disabled by pain in his feet and shoulders, lung problems, and high blood pressure.[11] He completed the tenth

---

[4] The parties fully set forth the background of this case, including the medical history, in their memoranda. The Court does not repeat this background in full detail.

[5] Tr. 333, 341, 395.

[6] Tr. 205-210, 214-219, 116-179, 188-196.

[7] Tr. 199-201.

[8] Tr. 43-64.

[9] Tr. 72-115.

[10] Tr. 43-64, 72-115.

[11] Tr. 376, 394.

grade and had past relevant work as a kitchen helper, prep cook, and dining room attendant.[12] At a March 2010 administrative hearing, the ALJ asked an independent vocational expert (VE) to assume a hypothetical individual with a vocational profile, in part, as follows:

> I am going to use for my first hypothetical our medical expert's limitations that he testified to based in part on my prior decision, and his own review of the records here, indicating a capacity to do a range of light work. Lifting 20 pounds occasionally and 10 pounds frequently, able to stand or walk at least two hours out of an eight-hour day, able to sit for about six hours out of an eight-hour day with an option to sit or stand at will. (Tr. 103-104.)

The ALJ then asked the VE to identify "unskilled, entry level, light, and sedentary occupations" consistent with these limitations.[13] The VE testified that there were 53,000 jobs that could be performed by two light jobs[14] along with one sedentary job.[15] The VE testified that, in the national economy, there were 10,000 final assembler positions (after a 50% reduction) that would accommodate all of the hypothetical limitations.[16] The VE testified that she reduced the available numbers of these positions based upon "having visited these types of job sites, analyz[d] these jobs, [and] surveyed workers and employers with respect to these issues."[17]

The ALJ issued his opinion following the five-step sequential evaluation process for the

---

[12] Tr. 103, 124, 169-70.

[13] Tr. 105.

[14] Tr. 106. Parking lot attendant, Dictionary of Occupational Titles (*DOT*) number 915.473-010; and ticket seller, *DOT* number 211.467-010.

[15] Tr. 106. Final assembler, *DOT* number 713.687-018.

[16] Tr. 106.

[17] Tr. 107.

consideration of disability claims.[18] The ALJ found that Plaintiff retained the sedentary RFC to perform less than the full range of light work[19] but that he was able to perform all the three jobs identified by the vocational expert.

## STANDARD OF REVIEW

This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.[20] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[21] In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[22] The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[23] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[24]

## ANALYSIS

Plaintiff presented a very narrow argument to the Court challenging the ALJ's step-five finding that Plaintiff could perform work existing in significant numbers in the national economy

---

[18] Tr. 46-64. 20 C.F.R. § 404.1520(a)(4) (outlining the process).

[19] Tr. 63.

[20] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

[21] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

[22] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[23] *Lax*, 489 F.3d at 1084 (citation omitted).

[24] *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

based upon the vocational expert's testimony concerning jobs requiring the lifting in excess or up to 20 pounds when the ALJ's decision found that Plaintiff could only lift 10 pounds. As conceded by the Commissioner, the ALJ's assessment of Plaintiff's RFC precluded two of the three jobs identified by the Vocational Expert. Specifically, the Vocational Expert testified that the parking lot attendant and ticket seller positions were light, not sedentary, so it was error for the ALJ to include them as occupations that Plaintiff could perform.

The third job offered by the Vocational Expert is a sedentary, unskilled job which is consistent with the ALJ's assessment of Plaintiff's RFC. The Vocational Expert testified that after a 50% reduction there were 10,000 final assembler positions nationwide. This Court declines to apply the harmless error doctrine in this case and cannot conclude as a matter of law that the number of available positions is significant. Because the ALJ erroneously relied upon two positions that conflicted with Plaintiff's RFC, the ALJ never had the occasion to determine whether the number of final assembler positions (10,000, as determined by the vocational expert; and 13,000 as determined by the ALJ) alone constituted a significant number of jobs in the national economy and this Court is unwilling to determine that any reasonable fact-finder would be compelled to conclude that the vocational expert's 10,000 positions was a significant number of jobs for purposes of a step-five determination.

Accordingly, this Court concludes that the ALJ's analysis at step five is incomplete and, for that reason, the ALJ's finding at step five is in error. On remand, the ALJ should determine, based on the specific facts of Plaintiff's case, whether a significant number of jobs exist in the national economy that Plaintiff can perform.

## CONCLUSION

Based on the foregoing, the Court concludes that the ALJ's finding that Plaintiff could

perform three occupations existing in significant numbers in the national economy is unsupported by substantial evidence. The Court **REVERSES** and **REMANDS** the decision of the Commissioner for further administrative proceedings. The Clerk of the Court is directed to enter judgment in favor of Plaintiff and against the Commissioner.

**IT IS SO ORDERED**.

DATED this 16th day of June, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge