# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **ROBERT M. LEMMON,**<br><br>           **Plaintiff,**<br><br>v.<br><br>**CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,**<br><br>           **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:14-cv-554**<br><br><br><br>**Chief Magistrate Judge Paul M. Warner** |

All parties consented to having Chief United States Magistrate Judge Paul M. Warner conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Robert M. Lemmon's ("Plaintiff") motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion(s) on the basis of the written memoranda.  *See* DUCivR 7-1(f).

Plaintiff is seeking attorney's fees pursuant to the EAJA.  28 U.S.C. § 2412(d)(1)(A). Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . .

---

[1] Dkt. no. 10.

incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* The United States Supreme Court has defined "substantially justified" to mean that the position taken by the government was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). The government's "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2.

In the social security context, the substantial justification standard under the EAJA is not the same as the substantial evidence standard under the Social Security Act, 42 U.S.C. § 405(g). This "would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." *Id.* at 1267. For the purposes of the EAJA, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1269.

In the instant case, this court remanded the case because the ALJ erroneously relied upon two positions that conflicted with Plaintiff's Residual Functional Capacity ("RFC") in determining that there were a significant number of jobs in the national economy that Plaintiff could perform. Thus, for the only position that was consistent with Plaintiff's RFC (final assembler), the ALJ never had the occasion to determine whether 10,000 positions (as

determined by the vocational expert) and/or 13,000 positions (as determined by the ALJ) constituted a significant number of jobs in the national economy. While the government conceded that it was error for the ALJ to include the two positions that conflicted with Plaintiff's RFC, it argued that the error was harmless because the final assembler position existed in significant numbers in the national economy.

The Tenth Circuit has refused to draw a "bright line establishing the number of jobs necessary to constitute a significant number" in the national economy. *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992). While the Tenth Circuit has previously held that the harmless error doctrine may be proper in certain circumstances, it necessitates "the right exceptional circumstance, i.e., where based on material the ALJ did at least consider (just not properly), [the court] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

In an unpublished case that is very similar to the instant case, the Tenth Circuit upheld the district court's denial of the plaintiff's application for attorney fees where the district court found (and the government conceded) that it was error for the ALJ to include one of the positions as it was inconsistent with the plaintiff's RFC. *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) (unpublished). The district court was not persuaded by the government's harmless error argument and remanded the case to the ALJ to determine whether the other two jobs existed in significant numbers in the national economy. *Id.* at 734. The Tenth Circuit concluded that, while ultimately unsuccessful, it was not unreasonable for the government to argue that 18,831 jobs in the national economy was a significant number and that the court should apply the harmless error doctrine. *Id.* at 736-37. As noted by the Tenth Circuit, the district court reasoned that the

conflicting authority regarding this issue "could reasonably be viewed as supporting a decision either way," and stated "that it would not be surprised if the ALJ found that the remaining national jobs existed in significant numbers" because "the issue had been a very close call." *Id.* at 735. The Tenth Circuit concluded that because its precedent suggested that the number of nationwide jobs considered to be significant in the harmless error context could be anywhere between 100 and 152,000, the government was substantially justified in arguing harmless error for 18,831 remaining positions. *Id.* at 736-37. Thus, the Tenth Circuit affirmed the district court's denial of the plaintiff's application for attorney fees under the EAJA. *Id.*

Similarly, this court concludes that it was not unreasonable for the government to argue that the ALJ's error was harmless. Like the district court in *Evans*, this court would not be surprised if the ALJ found that the number of positions remaining that Plaintiff could perform exists in significant numbers in the national economy. However, based on this court's understanding of the applicable precedent, the ALJ should be the first judge to consider this issue. Accordingly, the government was substantially justified in arguing that 10,000 (or 13,000) final assembler positions in the national economy constituted a significant number.

Based on the foregoing, Plaintiff's motion for attorney's fees under the EAJA is **DENIED**.

**IT IS SO ORDERED**.

DATED this 5th day of April, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge